# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7303 | **DATE** | 11/9/2012 |
| **CASE TITLE** | Henry Terriell Lovett (B-54226) vs. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion for leave to file *in forma pauperis* [3], and assesses an initial filing fee of $25.40. The Court authorizes trust fund account officials at Plaintiff's place of confinement make deductions from Plaintiff's trust fund account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. Plaintiff may proceed with his claims against Defendants Johnnie Franklin and Cleo Johnson. The clerk shall issue summonses for service of the complaint through the U.S. Marshal on these Defendants. The clerk shall also forward instructions for filing documents in this Court and a magistrate judge consent form to Plaintiff. The other Defendants listed in the complaint are dismissed.

O[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Henry Terriel Lovett, Stateville Correctional Center inmate #B-54226, has filed this 42 U.S.C. §1983 action against Stateville Officer Cheri Tarr, Adjustment Committee Members Johnnie Franklin and Cleo Johnson, Grievance Officer Anna McGhee, Warden Marcus Hardy, and unknown Internal Affairs officers referred to as John Does. Allegedly, Officer Tarr heard of an incident involving Plaintiff at Menard, threatened that she would "do to [Plaintiff] what Menard I/A [officers] should have done," (Compl. at 5), and later wrote out a false disciplinary ticket, charging Plaintiff with impermissibly communicating with gang members outside of the prison. Plaintiff explained that he was writing to a fellow member of the Moorish Science Temple, a religion which has some of the same tenets as the Black P. Stone gang. Despite his explanations to Tarr and the disciplinary hearing officers (Franklin and Johnson), Plaintiff was found guilty and sentenced to six months of segregation, deduction of class, commissary restrictions, and visitation restrictions, as well as revocation of good conduct credit. Plaintiff's appeals and grievances challenging the disciplinary decision were denied by Grievance Officer McGhee, and her decisions were approved by Warden Hardy. The Administrative Review Board, however, upon finding that Plaintiff had been denied the ability to call witnesses and present evidence at the hearing, expunged the disciplinary report and directed for Plaintiff's release from segregation and the restoration of good conduct credit and other privileges.

Plaintiff's application to proceed *in forma pauperis*, though including a prison trust fund account statement that ends a few months before his filing this case, indicates that he is unable to prepay the $350 filing fee. The court grants his motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $25.40. *See* 28 U.S.C. § 1915(b)(1). The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized to collect the initial partial filing fee from Plaintiff's trust fund account, when adequate funds exists, and to continue making monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. Plaintiff shall remain responsible for the filing fee, and Stateville officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

| STATEMENT |
|---|

  This Court has conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Plaintiff's allegations discussed above state a colorable cause of action against Defendants Franklin and Johnson for their alleged violations of Plaintiff's due process rights with his disciplinary hearing. *Johnson v. Evinger*, 517 F.3d 921, 922 (7th Cir. 2008) (where a disciplinary penalty affects a protected liberty interest, such as revocation of good conduct credit or segregation that is overly harsh with conditions atypical of the ordinary hardships of prison life, the disciplinary proceeding must conform to due process concerns, such as the ability to present evidence and question witnesses).

  The allegations against Tarr, McGhee, and Hardy, however, do not support valid § 1983 claims. As to Carr, a correctional officer's fabrication of a disciplinary charge does not itself give rise to a constitutional violation. *See Lagerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2006). Although fabricating a disciplinary charge in retaliation for the exercise of a constitutionally protected right states a claim, *see Black v. Lane*, 22 F.3d 1395, 1402-03 (7th Cir. 1994), Plaintiff alleges that he was charged because of Tarr's anger concerning an incident that occurred at Menard and Plaintiff's refusal to provide information about it. As to McGhee and Hardy, the denial of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). Accordingly, Plaintiff may proceed with his claims against Franklin and Johnson, but the claims against the other Defendants are dismissed.

  The clerk shall issue summonses for service of the complaint on Defendants Johnnie Franklin and Cleo Johnson. The United States Marshal is appointed to serve these Defendants. Any service forms necessary for Plaintiff to complete will be sent to him by the Marshal. Plaintiff's failure to return those forms may result in the dismissal of unserved Defendants. With respect to any former employee who can no longer be found at Stateville, officials there shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Address information shall be retained only by the Marshal and shall neither be kept in the Court's file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If a waiver of service is not obtained, the Marshal shall then attempt personal service.

  Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, he must send an exact copy of any court filing to the Defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to a judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

  Plaintiff's motion for the appointment of counsel is denied without prejudice. The case at the present time does not involve complex issues, complex discovery, or an evidentiary hearing, and Plaintiff's current pleadings indicate that he may competently represent himself at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).